**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 22 2015, 6:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**DAVID M. JORDAN**
**J. CLAYTON MILLER**
Jordan Law, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MALCOLM L. RUSSELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1312-CR-563 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Charles K. Todd, Jr., Judge
Cause No. 89D01-1111-FA-26

**January 22, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Malcolm Russell appeals his convictions for class A felony Dealing in Cocaine[1] and Class D felony Possession of Marijuana.[2] Russell argues that the trial court erred when it allowed physical evidence of cocaine and marijuana to be admitted into evidence. He also challenges the sufficiency of the evidence supporting his conviction for dealing in cocaine. Concluding that the trial court did not err in admitting the cocaine and marijuana and finding sufficient evidence to support Russell's conviction, we affirm.

FACTS

On November 1, 2011, Richmond Police Department Officers Scott Crull and James Mastriano were patrolling the south side of Indianapolis, searching for a murder suspect. The officers spotted an individual who appeared to match the description of the murder suspect driving a red GMC truck. Officer Crull followed the individual, who appeared nervous and looked over his shoulder at Officer Crull. Officer Mastriano also followed. At some point, while passing through a construction zone, the individual drove his truck left of center, crossing the double yellow line.

Officer Crull then initiated a traffic stop and ordered the individual to exit his truck and walk towards the officers. The individual complied and was identified as Russell. The officers detected the smell of marijuana, and one of them asked Russell if he had been smoking marijuana. Russell answered that he had smoked marijuana about an hour previously. Officer Mastriano then approached Russell's truck and noticed that it

[1] Ind. Code § 35-48-4-1.

[2] I.C. § 35-48-4-11.

2

too smelled of marijuana. Officer Mastriano returned to where Russell and Officer Crull were standing. As he walked back towards the two men, Officer Mastriano noticed that the pocket of Russell's sweatshirt was hanging open. When he stood beside Russell, Officer Mastriano could see inside Russell's pocket, which contained a clear plastic baggie holding an off-white substance. Suspecting that the substance was crack cocaine, Officer Mastriano asked Russell, "[i]s that dope in your pocket[?]" Tr. p. 55-56, 228, 253. Russell removed the plastic baggie from his sweatshirt pocket and handed it to Officer Mastriano. The baggie was later found to contain crack cocaine.

Russell was arrested, and a subsequent search revealed 213.5 grams of marijuana in the bed of the truck, $360 on Russell's person, and $60 in the truck. The crack cocaine in the plastic baggie was in "cookie" form and totaled 41.83 grams. The truck was registered to Russell's girlfriend, but Russell had been seen by another officer driving a truck of the same make, model, and year, less than three months earlier. Russell was not read his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966).

On November 3, 2011, the State charged Russell with class A felony dealing in cocaine, class C felony possession of cocaine, class D felony possession of marijuana, and class D felony dealing in marijuana. The State also alleged that Russell was a habitual offender.

Russell filed a motion to suppress, and on October 3, 2013, the trial court issued an order suppressing certain statements made by Russell, but denying the suppression of the physical evidence: the cocaine and marijuana.

3

Russell's two-day jury trial began on October 29, 2013, and, on October 30, 2013, the jury found him guilty as charged. In a bifurcated hearing held outside the presence of the jury, Russell admitted to being a habitual substance offender. A sentencing hearing was held on December 3, 2013. The trial court vacated the convictions for possession of cocaine and dealing in marijuana. It sentenced Russell to thirty-five years for the dealing in cocaine conviction, with an additional five years for the habitual offender enhancement, and it sentenced Russell to two years for possession of marijuana. The sentences were ordered to run concurrently for an aggregate sentence of forty years. Russell now appeals.

### DISCUSSION AND DECISION

Russell argues that the trial court erred when it admitted the cocaine and marijuana into evidence. He maintains that both were physical evidence inextricably bound to a statement unlawfully obtained and, as such, should have been suppressed. At the outset, we note that Russell frames the issue as whether the trial court erred by denying his motion to suppress. This Court has determined that unless a defendant seeks an interlocutory appeal, "the issue is more appropriately framed as whether the trial court abused its discretion by admitting evidence at trial." Washington v. State, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003).

This distinction is significant as it determines the standard of review on appeal. When considering the denial of a motion to suppress, this Court does not reweigh the evidence and considers conflicting evidence most favorable to the trial court's ruling.

4

<u>Kelley v. State</u>, 825 N.E.2d 420, 424 (Ind. Ct. App. 2005). However, this Court also considers the uncontested evidence favorable to the defendant. Id. Conversely, when reviewing the admissibility of evidence, we will reverse only when a trial court abused its discretion. <u>Id.</u> An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. <u>Id.</u> Accordingly, unless the defendant pursues an interlocutory appeal, permitting us to review a denial of a motion to suppress, we may not consider the uncontested evidence favorable to the defendant. <u>Id.</u> Here, Russell did not seek an interlocutory appeal of the trial court's denial of his motion to suppress. Therefore, the issue is whether the trial court erred by admitting the cocaine and marijuana into evidence.

The trial court suppressed certain statements Russell made during the custodial interrogation due to the officer's failure to provide Russell with <u>Miranda</u> warnings, but Russell argues that the trial court erred when it did not also suppress the cocaine and marijuana as the physical fruits of those statements. <u>Miranda</u>, 384 U.S. 436. To support this contention, Russell relies on <u>State v. Linck</u>, 708 N.E.2d 60 (Ind. Ct. App. 1999). In <u>Linck</u>, a panel of this Court held that physical evidence that is inextricably bound to a defendant's statements obtained in violation of <u>Miranda</u> is required to be suppressed as fruit of the poisonous tree. <u>Id.</u> at 66. However, in our holding in <u>Linck</u>, we noted that the United States Supreme Court had not yet addressed this issue. <u>Id.</u>

In the interim, the United States Supreme Court has addressed this issue. In <u>United States v. Patane</u>, 542 U.S. 630, 633-24, it held that failure to give a suspect

5

Miranda warnings does not require suppression of the physical fruits of a suspect's unwarned but voluntary statements. Furthermore, in Hirshey v. State, 852 N.E.2d 1008, 1015 (Ind. Ct. App. 2006), this Court recognized that the physical fruit of a statement obtained in violation of Miranda need not be suppressed. We held that, "Miranda only requires suppression of statements, not physical evidence. Hirshey has cited no cases indicating that the Indiana Constitution requires a different result." Id. (internal citations omitted). See also Delatorre v. State, 903 N.E.2d 506, 508 (Ind. Ct. App. 2009) ("Moreover, we note that even if Delatorre's statement had been obtained in violation of Miranda, the gun would not have to be suppressed."). Therefore, we find that the trial court did not err in admitting the cocaine and marijuana into evidence.

Russell also maintains that there is not enough evidence to support his conviction for dealing in cocaine.[3] When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), trans. denied. Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a

---

[3] Russell also argues in his brief that the evidence at trial was insufficient to support an inference that he possessed marijuana with the intent to deliver. However, the trial court vacated Russell's conviction for dealing in marijuana. Appellant's App. p. 44. While Russell's conviction for possession of marijuana stands, he does not argue that there was insufficient evidence to allow a jury to find that he possessed the marijuana, only that there was insufficient evidence of his intent to deliver it, and, therefore, we need not address his argument.

reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

With regard to dealing in cocaine, Russell argues that there was insufficient evidence to allow the jury to determine that Russell intended to deliver the cocaine to any person. In order to prove the dealing in cocaine conviction, the State was required to prove that Russell possessed the cocaine with the intent to 1) manufacture, 2) finance the manufacture of, 3) deliver, or 4) finance the delivery of the cocaine. Ind. Code § 35-48-4-1(a)(2). Russell does not deny that he possessed the cocaine; he argues only that there was not sufficient evidence to show intent to deliver.

As intent is a mental state, absent an admission, the trier of fact must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences thereof, a showing or inference of intent to commit that conduct exists. Stokes v. State, 801 N.E.2d 1263, 1272 (Ind. Ct. App. 2004). Upon appellate review, such evidence does not have to overcome every reasonable hypothesis of innocence but need only generate a reasonable inference of guilt. Id. Possession of a large quantity of drugs, money, plastic bags, and other paraphernalia is circumstantial evidence of intent to deliver. Wilson v. State, 754 N.E.2d 950, 957 (Ind. Ct. App. 2001). Furthermore, the more narcotics a person possesses, the stronger the inference that he intended to deliver it and not consume it personally. Id.

Here, Russell was in possession of 41.83 grams of cocaine. Tr. p. 202. At trial, Officer Crull testified that, in his experience, cocaine users consumed about one to three grams of cocaine in a twenty-four-hour period and a gram of cocaine costs approximately $100. Id. at 141-42. Thus, the jury could infer that the amount of cocaine Russell possessed was more than the amount typically possessed for personal use. Furthermore, the jury heard testimony regarding the shape and condition of the cocaine. Officer Mastriano testified that the cocaine in Russell's possession was in the form of "cookies." Id. p. 228. This indicated that the cocaine had been mixed with another element and water and then cooked. Id. Officer Mastriano testified that the cocaine in Russell's possession was still wet, and that cocaine that has been mixed into cookie form will eventually harden. Id. at 229. Officer James Branum also testified, explaining that "cookies" are "a wholesale way of packaging [cocaine]" and "typically that will get cut up or broke[n] up and sold out in a retail fashion." Id. at 287-68. We find that a reasonable jury could conclude, based on the above evidence, that Russell possessed the cocaine with the intent to deliver.

The judgment of the trial court is affirmed.

MAY, J., and BARNES, J., concur.

8